UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MICHAEL A. OLSON,

                          Plaintiff,

                  -against-

INDIAN HARBOR INSURANCE COMPANY,

                        Defendant.

-------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

Plaintiff Demands Trial by Jury

Plaintiff, **MICHAEL OLSON**, complaining of the defendant by his attorneys, **KELNER & KELNER, ESQS.**, alleges at all times hereinafter mentioned the following upon information and belief:

    1.    The plaintiff is a resident of Westchester County, New York.

    2.    The defendant Indian Harbor Insurance Company (hereinafter "IHIC") is and was at all relevant times set forth herein, a corporation duly licensed and organized under the laws of the State of North Dakota.

### JURISDICTION

    3.    This is an action against the defendant IHIC arising under New York State Insurance Law §3420(a)(2).

    4.    This Court has original diversity jurisdiction over the instant action pursuant to 28 U.S.C. §1332 as it involves a suit between citizens of different states where the matter in controversy exceeds $75,000.00.

### VENUE

    5.    Venue is proper pursuant to U.S.C. §1391(a).  A substantial part of the events or omissions giving rise to the claim occurred in Westchester County, State of New York.

23.    IHIC disclaimed coverage on the exclusive grounds that M & M "did not timely report the occurrence, claim and suit to us."

24.    On July 9,2007 Judicial Hearing Officer John Carey signed a Decision and Order, a fair and accurate copy of which is annexed hereto as Ex. "G", awarding plaintiff money damages against M & M and instructed plaintiff to settle judgment on notice.

25.    In a Judgment dated February 4, 2008 ,a fair and accurate copy of which is annexed hereto as "H", the Hon. Mary H. Smith Ordered that judgment be entered on behalf of plaintiff against M & M in the amount of $1,597,627.88.

26.    On June 25, 2008 the plaintiff served a Notice of Entry of Judgment upon M&M and upon IHIC.

27.    More than 30 days have passed and to date no sum of money has been paid to the plaintiff in satisfaction of said judgment which remains outstanding.

## AS AND FOR A FIRST CAUSE OF ACTION

28.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" as if herein set forth at length.

29.    The defendant IHIC may not disclaim liability since it failed to give M & M and plaintiff  timely notice of the disclaimer as soon as it was reasonably possible after it first learned of the accident or grounds for disclaimer of liability or denial of coverage.

30.    The defendant offered no explanation for its five month delay in disclaiming coverage and has no reasonable excuse for the delay.

31.    The defendant IHIC is in violation of  New York State Insurance Law in failing to timely disclaim coverage to M & M and to plaintiff and therefore is legally and contractually obligated to indemnify M & M by satisfying the judgment entered against its insured by plaintiff

in accordance with the policy.

 32. The plaintiff has no adequate remedy at law.

 33. By reason of the aforegoing a justiciable controversy exists between the parties.

 34. Accordingly, the plaintiff respectfully requests that the Court render a declaratory judgment and direct the defendant to satisfy the plaintiff's judgment against its insured, M & M in accordance with the rights and responsibilities afforded under the subject policy.

 WHEREFORE, the plaintiff demands judgment against the defendant in the amount of the judgment not exceeding the amount of the applicable limit of coverage under the policy, together with any and all interests, costs and disbursements of this action.

Dated:  New York, New York
    July 31, 2008

        Yours, etc.,
        KELNER and KELNER

        BY:_____
        RONALD C. BURKE, ESQ.
        Attorneys for Plaintiff
        140 Broadway, 37th Floor
        New York, NY 10005
        (212) 425-0700

Ex A

FROM :FUCITO AGENCY                FAX NO. :8452796276        Jan. 25 2007 05:47PM P1
H.K. KELLER & CO        1/25/2007 2:44    PAGE 008/059    Fax Server

# INDIAN HARBOR INSURANCE COMPANY

04/30/2003 08:58AM Seaview House, 70 Seaview Avenue, Stamford, CT., 06902-6040

## COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS

Renewal of Number **NEW**                           Policy No. **AIL088000745**

Named Insured and Mailing Address (No., Street, Town or City, County, State, Zip Code)*
M & M DEVELOPERS INC.
C/O MORGANTI
54 COOLEDGE DRIVE
BREWSTER        NY    10509
Policy Period * : From  10/30/2002   to  10/30/2003    at 12:01 A.M. Standard Time at your mailing
                  address shown above.

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE
WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

### LIMITS OF INSURANCE

| | | |
|---|---|---|
| General Aggregate Limit (Other Than Products - Completed Operations) | $ 2,000,000 | |
| Products - Completed Operations Aggregate Limit | $ 1,000,000 | |
| Personal and Advertising Injury Limit | $ 1,000,000 | |
| Each Occurrence Limit | $ 1,000,000 | |
| Fire Damage Limit | $ 50,000 | Any One Fire |
| Medical Expense Limit | $ 5,000 | Any One Person |

### RETROACTIVE DATE (CG 00 02 ONLY)

Coverage A of this insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date,
if any, shown here:     **NONE**
(Enter Date or "None" if no Retroactive Date applies)

### DESCRIPTION OF BUSINESS AND LOCATION OF PREMISES

Form of Business:

☐ Individual    ☐ Joint Venture    ☐ Partnership    ☒ Organization (Other than Partnership or Joint Venture)
Business Description*:
CARPENTRY

Location of All premises You Own, Rent or Occupy:

54 COOLEDGE DRIVE                    BREWSTER                    NY 10509

### PREMIUM

| Classification | Code No. | Premium Basis | Rate Pr/Co | All Other | Advance Premium Pr/Co | All Other |
|---|---|---|---|---|---|---|
| Carpentry | 91342 | P  30,000 PR | 11.670 | 106.647 | $350 | $3199 |

Subtotal For JDL 190(2)-0-1X        $    206.00

Total or Minimum Premium .        $  3,755.00

**(a) area   (c) total cost   (m) admission   (p) payroll   (s) gross sales   (u) units   (t) other

### FORMS AND ENDORSEMENTS applying to this Coverage part and made part of this policy at time of issue + :
SEE SCHEDULE OF FORMS AND ENDORSEMENTS

Countersigned:*

                              By _____
                                    Authorized Representative

*Entry optional if shown in Common Policy Declarations.
+ Forms and Endorsements applicable to this Coverage Part omitted if shown elsewhere in the policy.
THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS,
COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED
POLICY.
Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc.

JDL 190 (2)-0 (Ed. 01/02) -1

Ex B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

————————————————————————X

MICHAEL A. OLSON,

                            Plaintiff,

    -against-

M&M DEVELOPERS, INC.,

                            Defendant.

————————————————————————X

**RECEIVED**

JAN 2 4 2006

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Index No: 01354/06

## SUMMONS

The basis of venue
is Plaintiff's residence

Plaintiff resides at
73 Sarles Lane
Pleasantville, NY
County of
Westchester

To The Above Named Defendant:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiffs' Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
        January 19, 2006

                       Yours, etc.

                       **WORBY GRONER EDELMAN, LLP**
                       Attorneys for Plaintiff

                       Richard S. Vecchio
                       11 Martine Avenue
                       White Plains, NY 10606
                       (914) 686-3700

TO:
M&M DEVELOPERS, INC.
C/O MICHAEL A. MORGANTI
527 Avalon Lake Road
Danbury, CT 06810

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------------------------------x

MICHAEL A. OLSON,

                   Plaintiff,

      -against-

M&M DEVELOPERS, INC.,

                   Defendant.

----------------------------------------------------------------x

**INDEX NO.:** 01354/c

**VERIFIED
COMPLAINT**

RECEIVED

JAN 2 4 2008

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

COUNSELLORS:

    Plaintiff, by his attorneys, **WORBY GRONER EDELMAN LLP**, as and for a verified complaint against defendant, hereby states:

    1.    At all times hereinafter mentioned, plaintiff was and is a resident of the County Westchester, State of New York.

    2.    At all times hereinafter mentioned, and upon information and belief, defendant M&M DEVELOPERS, INC. was and is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

    3.    At all times hereinafter mentioned, and upon information and belief, defendant M&M DEVELOPERS, INC. was and still is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York.

    4.    At all times hereinafter mentioned, and upon information and belief, defendant M&M DEVELOPERS, INC. was and still is a foreign corporation authorized to do business in the State of New York.

    5.    At all times hereinafter mentioned, and upon information and belief, defendant owned premises at 161 Foggingtown Road, Brewster, New York (hereinafter the "premises").

1

6.    At all times hereinafter mentioned, and upon information and belief, defendant operated the premises.

7.    At all times hereinafter mentioned, and upon information and belief, defendant maintained the premises.

8.    At all times hereinafter mentioned, and upon information and belief, defendant controlled the premises.

9.    At all times hereinafter mentioned, and upon information and belief, defendant directed and controlled work in progress at the premises.

10.    At all times hereinafter mentioned and on the 6th day of February, 2003, the premises were in the process of construction, renovation, demolition and/or repair.

11.    At all times hereinafter mentioned and on the 6th day of February, 2003, defendant M&M DEVELOPERS, INC. was in charge of the work then and there in progress at the premises.

12.    At all times hereinafter mentioned and on the 6th day of February, 2003, defendant M&M DEVELOPERS, INC. was a General Contractor at the premises.

13.    At all times hereinafter mentioned and on the 6th day of February, 2003, defendant M&M DEVELOPERS, INC. was the agent of the owners of the premises.

14.    At all times hereinafter mentioned, and on or prior to the 6th day of February, 2003, defendant M&M DEVELOPERS, INC., through its agents, servants and/or employees directed and controlled the work at the premises.

15.    At all times hereinafter mentioned, and on the 6th day of February, 2003, defendant through its agents, servants and/or employees had the duty to provide the plaintiff with a safe place

2

to work.

16.     At all times hereinafter mentioned, and on the 6th day of February, 2003, defenda

through its agents, servants and/or employees had the non-delegable duty to see that the work s

was kept reasonably safe and free of dangers and hazards to those workers lawfully present at t

site.

17.     On the 6th day of February, 2003, plaintiff was an employee of Dr. Watts Electr

performing work at the premises.

18.     On the 6th day of February, 2003, while plaintiff was lawfully and carefully workin

at the premises, he was caused to slip and fall by the reason of the negligence of the defendan

through its agents, servants, representatives and/or employees in the ownership, operation

maintenance, direction, supervision, possession, control, construction, rehabilitation and/o

alteration of the premises sustaining serious personal injuries.

19.     Defendant, through its agents, servants, representatives and/or employees, wa

negligent, reckless and careless in the ownership, operation, maintenance, control, possession

supervision, direction, construction, inspection, management, renovation, rehabilitation and/o

alteration of the premises in failing to provide plaintiff with a safe place to work; in failing to

provide plaintiff with a hazard-free work place; in failing to provide the plaintiff with proper and

approved safety devices so placed, fixed and/or secured so as to afford proper protection to plaintiff;

in violating the Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York, the

Industrial Code of the State of New York and the provisions of the Occupational Safety & Health

Administration as they pertain to constructions; in failing to inspect the work areas on the date of the

accident and prior to; in failing to clear the roadway premises free from snow and ice; in failing to

3

apply sand and/or salt down on the roadway premises; in failing to provide the plaintiff with a

safety devices and were otherwise negligent, reckless and careless.

20.    That defendant violated the following sections or provisions of Rule 23 of t

Industrial Code and that said violations were a proximate cause of plaintiff's injuries: Section 2

1.7; Section 23-1.7(d); 23-1.7(e); and Section 23-1.23.

21.    That the defendant, through its agents, servants, representatives and/or employe

had actual and/or constructive notice of the dangerous and defective conditions existing upon t

work site.

22.    That the accident and the resulting injuries were caused solely and wholly by reas

of the negligence of the defendant, its agents, servants, representatives, and/or employees witho

any fault, want or care or culpable conduct on the part of the plaintiff contributing to the accident.

23.    As a result of the foregoing, plaintiff has been rendered sick, sore, lame, maimed an

disabled and so remains; has been unable to attend to his usual vocation and activities and has bee

obliged to expend and will expend in the future sums of money for medical aid and attention.

24.    The limited liability provisions of C.P.L.R. § 1601 do not apply pursuant to one c

more of the exceptions of C.P.L.R. § 1602, including but not limited to subsections 2, 7 and/or 8.

25.    As a result of the foregoing negligence of defendant, plaintiff has suffered damage i

an amount exceeding the jurisdictional limits of all lower court.

WHEREFORE, Plaintiff demands judgment against the Defendant herein in a sum which

exceeds the jurisdictional limits of all lower courts, as and for a First Cause of Action, together

4

with the interest, costs and disbursements of this action.

Dated:  White Plains, New York
        January 19, 2006

                                    Yours, etc.,

                                    WORBY GRONER EDELMAN, LLP

                                    By: _____
                                        Richard S. Vecchio
                                    Attorneys for Plaintiff
                                    11 Martine Avenue, Penthouse
                                    White Plains, New York  10606
                                    (914) 686-3700

j:\cases\2855\complaint labor law olson2

5

# VERIFICATION

State of New York        )
                           )ss:

County of Westchester   )

MICHAEL A. OLSON, being duly sworn, deposes and says that I am the plaintiff in t
action herein. I have read the annexed VERIFIED COMPLAINT, know the contents thereof, a
the same are true to the best of my knowledge, except those matters therein which are stated to l
alleged on information and belief, and as to those matters, I believe them to be true.

_____

**MICHAEL A. OLSON**

Sworn to before me this
23rd day of January, 2006

_____
Notary Public

IRENE VARGAS
Notary Public, State of New York
No. 01VA4607849
Qualified in Westchester County
Commission Expires October 31, 2009

Ex C

# DECISION AND ORDER

To commence the statutory
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this Order,
with notice of entry, upon all
parties.

**FILED**

SEP 2 2 2006

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, WESTCHESTER COUNTY

Present:  HON. MARY H. SMITH
              Supreme Court Justice

-------------------------------------------X
MICHAEL A. OLSON,

                           Plaintiff,      **MOTION DATE: 9/1/06**
                                    **INDEX NO. 1354/06**

        -against-

M & M DEVELOPERS, INC.,

                            Defendant.
-------------------------------------------X
     The following papers numbered 1 to 3 were read on this motion
by plaintiff for entry of a default judgment.

                                       **Papers Numbered**

Notice of Motion - Affirmation (Vecchio) - Exhs. (A-C) ..... 1-3


     Upon the foregoing papers, it is Ordered and adjudged that

this unopposed motion by plaintiff for entry of a default judgment

is granted as to liability only.

     Within twenty (20) days after the date hereof, plaintiff shall

file his note of issue and serve same, along with a copy of this

Order, upon defendant.  Proof of said service shall be forwarded to

-1-

Chambers.  The parties shall appear at 9:30 a.m. on October 25,

2006, in the Central Calendar Part for assignment of an inquest

date.  This date may not be adjourned without the Court's consent.

Any party's failure to appear may result in the imposition of costs

and/or sanctions.


Dated: September 21 , 2006
       White Plains, New York


_____

MARY H. SMITH
J.S.C.


Worby, Groner, Edelman LLP
Attys. For Pltf.
11 Martine Avenue
White Plains, New York 10606


-2-

Ex D.

2855
D

# WORBY GRONER EDELMAN LLP
## ATTORNEYS AT LAW

11 MARTINE AVENUE, PENTHOUSE • WHITE PLAINS, NEW YORK 10606
TELEPHONE: 914-686-3700 • FACSIMILE: 914-686-8080
WWW.WGELAW.COM

DAVID E. WORBY
WILLIAM H. GRONER*
MICHAEL R. EDELMAN
————
RICHARD B. VECCHIO
MICHAEL L. TAUB
————
ELISE ALPERT, R.N., J.D.§
PAUL J. CAMPSON*
PADRAIC DONALL LEE
JOEL B. SAVIT
OF COUNSEL
————
ADMITTED
*NY & NJ
†NY, NJ & DC
§NJ ONLY

IRENE VARGAS
SENIOR PARALEGAL

115 BROADWAY, 12TH FL.
NEW YORK, NY 10006
212-732-3410

18 FAIR STREET
CARMEL, NY 10512
800-469-8291

January 30, 2007

**Via Certified Mail RRR**
Indian Harbor Insurance Company
70 Seaview Avenue
Stamford, Connecticut 06902-6040
Attn: Claims Department

Re:     Michael Olson v. M & M Developers, Inc.
        DOA: 2/6/2003
        Our File No: 2855

To Whom It May Concern:

Please be advised that this office represents Michael Olson with respect to personal injury sustained in an accident which occurred on February 6, 2003 at a construction project where your insured, M & M Developers, Inc., was the general contractor. A lawsuit has been commenced against M & M, which has failed to appear or answer. A default judgment has been granted against M & M related to this accident.

Enclosed are copies of the Summons & Complaint and the decision/order granting a default judgment against your insured.

We hereby request that your company provide indemnification for M & M in connection with this matter.

Please contact the undersigned upon receipt and review of this matter with respect to coverage indemnification and defense of this claim.

Very truly yours,

Richard S. Vecchio
RSV/al
Enclosure(s)

# WORBY GRONER EDELMAN LLP
## ATTORNEYS AT LAW

DAVID E. WORBY
WILLIAM H. GRONER*
MICHAEL R. EDELMAN

RICHARD S. VECCHIO
MICHAEL L. TAUB

PAUL J. CAMPSON*
PADRAIC DONALL LEE
SAM ROSMARIN
JOEL B. SAVIT
OF COUNSEL

ADMITTED
*NY & NJ
+NY, NJ & DC

**11 MARTINE AVENUE, PENTHOUSE • WHITE PLAINS, NEW YORK 10606**
**TELEPHONE: 914-686-3700 • FACSIMILE: 914-686-8080**
**WWW.WGELAW.COM**

IRENE VARGAS
SENIOR PARALEGAL

115 BROADWAY, 12TH FLOOR
NEW YORK, NY 10006
212-732-3410

18 FAIR STREET
CARMEL, NY 10512
800-469-5291

May 10, 2007

**VIA CERTIFIED RETURN RECEIPT REQUESTED and REGULAR MAIL**

Indian Harbor Insurance Company
70 Seaview Avenue
Stamford, CT 06902-6040
Att: Claim Department

> Re:   MICHAEL OLSON V. M & M DEVELOPERS
> Date of Accident: 02/06/03
> Our File No:  2855

Dear Sir/Madam:

Enclosed please find a copy of our January 30, 2007 letter in connection with the above captioned matter.

To date, we have not received a response from Indian Harbor Insurance Company with respect to this matter.  Please contact the undersigned as soon as possible and advise us of your response to our January 30, 2007 letter.

Very truly yours,

RICHARD S. VECCHIO

RSV:gb
Enclosure

2865
D

# WORBY GRONER EDELMAN LLP
## ATTORNEYS AT LAW

11 MARTINE AVENUE, PENTHOUSE • WHITE PLAINS, NEW YORK 10606
TELEPHONE: 914-686-3700 • FACSIMILE: 914-686-8060
WWW.WGELAW.COM

DAVID E. WORBY
WILLIAM H. GRONER*
MICHAEL R. EDELMAN

RICHARD S. VECCHIO
MICHAEL L. TAUB

ELISE ALPERT, R.N., J.D.‡
PAUL J. CAMPSON*
PADRAIC DONALL LEE
JOEL B. SAVIT
OF COUNSEL

ADMITTED
*NY & NJ
*NY, NJ & DC
‡NJ ONLY

IRENE VARGAS
SENIOR PARALEGAL

115 BROADWAY, 12TH FLOOR
NEW YORK, NY 10006
212-732-3610

19 FAIR STREET
CARMEL, NY 10512
800-469-8291

January 30, 2007

**Via Certified Mail RRR**
Indian Harbor Insurance Company
70 Seaview Avenue
Stamford, Connecticut 06902-6040
Attn: Claims Department

Re:    Michael Olson v. M & M Developers, Inc.
       DOA:  2/6/2003
       Our File No: 2855

To Whom It May Concern:

Please be advised that this office represents Michael Olson with respect to personal injury sustained in an accident which occurred on February 6, 2003 at a construction project where your Insured, M & M Developers, Inc., was the general contractor. A lawsuit has been commenced against M & M, which has failed to appear or answer. A default judgment has been granted against M & M related to this accident.

Enclosed are copies of the Summons & Complaint and the decision/order granting a default judgment against your insured.

We hereby request that your company provide indemnification for M & M in connection with this matter.

Please contact the undersigned upon receipt and review of this matter with respect to coverage indemnification and defense of this claim.

Very truly yours,

Richard S. Vecchio
RSV/al
Enclosure(s)

# WORBY GRONER EDELMAN LLP
## ATTORNEYS AT LAW

DAVID E. WORBY
WILLIAM H. GRONER*
MICHAEL R. EDELMAN

RICHARD S. VECCHIO
MICHAEL L. TAUB

PAUL J. CAMPSON+
PADRAIC DONALL LEE
SAM ROSMARIN
JOEL B. SAVIT
OF COUNSEL

ADMITTED
*NY & NJ
+NY, NJ & DC

11 MARTINE AVENUE, PENTHOUSE • WHITE PLAINS, NEW YORK 10606
TELEPHONE: 914-686-3700 • FACSIMILE: 914-686-8080
WWW.WGELAW.COM

IRENE VARGAS
SENIOR PARALEGAL

115 BROADWAY, 12TH FLOOR
NEW YORK, NY 10006
212-732-3410

18 FAIR STREET
CARMEL, NY 10512
800-469-5291

May 18, 2007

**VIA CERTIFIED RETURN RECEIPT REQUESTED and REGULAR MAIL**

Indian Harbor Insurance Company
125 Greenwich Avenue
Greenwich, CT 06830-5527
Att: Claim Department

Re:    MICHAEL OLSON V. M & M DEVELOPERS
       Date of Accident: 02/06/03
       Our File No: 2855

Dear Sir/Madam:

Enclosed please find a copy of our January 30, 2007 letter in connection with the above captioned matter.

To date, we have not received a response from Indian Harbor Insurance Company with respect to this matter. Please contact the undersigned as soon as possible and advise us of your response to our January 30, 2007 letter.

Very truly yours,

RICHARD S. VECCHIO

RSV:gb
Enclosure

*Amanda -
try to verify
address and
re-Send*

# WORBY GRONER EDELMAN LLP
## ATTORNEYS AT LAW

DAVID E. WORBY
WILLIAM H. GRONER*
MICHAEL R. EDELMAN

RICHARD S. VECCHIO
MICHAEL L. TAUB

PAUL J. CAMPSON*
PADRAIC DONALL LEE
SAM ROSMARIN
JOEL B. SAVIT
OF COUNSEL

ADMITTED
*NY & NJ
+NY, NJ & DC

11 MARTINE AVENUE, PENTHOUSE • WHITE PLAINS, NEW YORK 10606
TELEPHONE: 914-686-3700 • FACSIMILE: 914-686-8080
WWW.WGELAW.COM

IRENE VARGAS
SENIOR PARALEGAL

115 BROADWAY, 12TH FLOOR
NEW YORK, NY 10006
212-732-3410

18 FAIR STREET
CARMEL, NY 10512
800-469-5291

May 30, 2007

**VIA CERTIFIED RETURN RECEIPT REQUESTED and REGULAR MAIL**

Indian Harbor Insurance Company
70 Seaview Avenue
Stamford, Connecticut 06902-6040
Attn: Claims Department

Re:    **MICHAEL OLSON V. M & M DEVELOPERS**
       Date of Accident: 02/06/03
       Our File No: 2855

Dear Sir/Madam:

Enclosed please find a copy of our January 30, 2007 letter in connection with the above captioned matter.

To date, we have not received a response from Indian Harbor Insurance Company with respect to this matter. Please contact the undersigned as soon as possible and advise us of your response to our January 30, 2007 letter.

Very truly yours,

Richard S. Vecchio
RSV:gb
Enclosure(s)

*[handwritten note]* Need Policy # to Direct to correct office

*[handwritten]* — XL

Ex. F

# American Claims
## Service, Inc.

June 28, 2007

**CERTIFIED MAIL RETURN RECEIPT REQUESTED
AND REGULAR U. S. MAIL**

M & M Developers Inc.
C/o Morganti
54 Cooledge Drive
Brewster, NY 10509

Re:    Policy Number:    AIL068000745
       Claim Number:    0136NY044358
       Insured:    M & M developers
       Claimant:    Michael A. Olson
       Date of Loss:    February 6, 2003

### DECLINATION OF COVERAGE

Dear Sir or Madam:

American Claims Service is an authorized representative for Indian Harbor Insurance Company.

This will acknowledge receipt of a letter from Worby Groner Edelman LLP, Attorneys At Law, containing a copy of a lawsuit and a decision and order for a default judgment against you.

The lawsuit was filed by Michael A. Olson. The matter was filed in the Supreme Court Of The State of New York, County Of Westchester. It bears a docket number of 01354/06.

The caption of the lawsuit states: *Michael A. Olson, Plaintiff, v. M & M Developers, Inc., Defendant.*

Paragraph 12 of the complaint alleges that on February 6, 2003 you were a general contractor at 161 Foggingtown Road, Brewster, New York.

P.O. Box 8010, Goldsboro, North Carolina 27533-8010
Phone 919-750-3310  Toll Free 1-877-222-5522  Fax (919) 751-2502

Paragraphs 17 and 18 of the complaint allege that on February 6, 2003 plaintiff Michael A. Olson was an employee of Dr. Watts Electric performing work at 161 Foggingtown Road, Brewster, New York when he was caused to slip and fall due to your negligence.

The decision and order for a default judgment against you on liability only was filed on September 22, 2006 with the County Clerk of the County of Westchester.

For the reasons stated in this letter, there is no coverage for this claim under your policy with Indian Harbor Insurance Company.

It appears at this time that there is no present defense obligation based on the information currently available to us.

Please note that new or additional allegations and/or facts beyond those present to Indian Harbor Insurance Company and summarized briefly in this letter could change Indian Harbor Insurance Company's position.  You must notify us immediately of any additional Lawsuit allegations filed against you so that we may re-evaluate coverage under the policy at that time.  Indian Harbor Insurance Company reserves the right to amend, supplement, or modify the information (and any resulting coverage changes) as further information or allegations develop.

Based on the information provided to Indian Harbor Insurance Company to date, we will not defend you or any other organization for this matter.  However, we ask that you please immediately forward to Indian Harbor Insurance Company any other Lawsuit papers or other documentation or information concerning the Lawsuit that has not already been provided to us.

The policy noted above was purchased from Indian Harbor Insurance Company with effective dates of October 30, 2002 to October 30, 2003.  The policy contains a limit of liability of $1,000,000 each occurrence limit and $2,000,000 general aggregate limit.  The policy has a $250.00 per claim deductible for property damage.

The Insuring agreement of the policy contains the following language:

**Section I – Coverages**
**Coverage A. Bodily Injury and Property Damage Liability**
**1. Insuring Agreement**
a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our*

2

*discretion, investigate any occurrence" and settle any claim or "suit" that may result. But:*

    *(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III ); and*

    *(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS-COVERAGES A AND B.*

**b.** *This insurance applies to "bodily injury" and "property damage" only if:*

    *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and*

    *(2) The "bodily injury" or "property damage" occurs during the policy period.*

We direct your attention to the following exclusion(s) found under your policy, which read(s) as follows:

## 2. Exclusions

*This insurance does not apply to:*

## b. Contractual Liability

*"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:*

**(1)** *That the insured would have in the absence of the contract or agreement; or*

**(2)** *Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:*

    **a)** *Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and*

    **b)** *Such attorney fees and litigation expenses are for defense of that party*

against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

### d. Workers Compensation and Similar Laws

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

### e. Employer's Liability

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured, or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child , parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

Under **Section II- WHO IS AN INSURED** under the policy, which reads:

**1.** If you are designated in the Declarations as:

**a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

**b.** A partnership or joint venture. you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your, "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

Under *Section IV, Commercial General Liability Conditions,* the policy reads:

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

### Duties In The Event Of Occurrence, Offense, Claim Or Suit

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

*You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

We direct your attention Combination Endorsement *IHGL-C-2 3-00,* which contains the sub-endorsement (s) *IHGL-005 (09/98),* which read as follows:

### EXCLUSION -- INDEPENDENT CONTRACTORS / SUBCONTRACTORS

*You are not covered for claims, loss, costs or expense arising out of the actions of independent contractors / subcontractors for or on behalf of any insured.*
IHGL-005 9/98

We direct your attention to Endorsement *IHGL-051 A 5-00,* that is part of your policy with Atlantic Casualty Insurance Company. This endorsement reads as follows:

### SUBCONTRACTORS - DEFINITION OF ADEQUATELY INSURED

*THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:*

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

*The classifications used in this policy containing the words "Contractors - Subcontracted Work" apply to that portion of the operations performed for the insured by "adequately insured" subcontractors.*

*"Adequately insured" means that a subcontractor maintains insurance in force for his operations*
*with at least the following Limits of Liability:*

A.   *General Aggregate Limit*
      *(Other than Products - Completed Operations)*          $1,000,000

| | |
|---|---|
| *Products - Completed Operations Aggregate Limit* | *$1,000,000* |
| *Each Occurrence Limit* | *$1,000,000* |

B.  *Or the limits provided by this policy, whichever are less*

*Any subcontractor not "adequately insured" and whose work is not excluded by the policy, will be considered an employee of the insured for the sole purpose of computing premium.*

*Such subcontractors will be rated under the most appropriate classification and a premium charge will be made using the company rates effective at the inception of the policy.*

*For any subcontractor not "adequately insured," you must maintain records showing the labor cost of that subcontractor separate from the material cost or total cost.*

*If the labor cost of any subcontractor is not available at audit time, it will be determined in the following manner to satisfy the terms of this endorsement:*

> Sixty percent of the subcontractor's total cost will be considered labor cost (payroll).

*It is further agreed that exclusion IHGL-005 "Independent Contractor/Subcontractors" shown on form IHGL-C "Combination Endorsement-Exclusions/Limitation" is deleted in its entirety.*

*All other terms and conditions remain unchanged.*
**IHGL-051A 5-00**

We direct your attention to Endorsement **CG2134C 3-00**, that is part of your policy with Indian Harbor Insurance Company. This endorsement reads as follows:

### EXCLUSION – DESIGNATED WORK

*This endorsement modifies insurance provided under the following:*

> *COMMERCIAL GENERAL LIABILITY COVERAGE PART*
> *PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART*

### SCHEDULE

*" Your Work" which was completed at any location prior to the effective date of this policy.*

*This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule above.*

*We shall have no duty to defend any insured against any loss, claim, "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage" to which this endorsement applies.*
**CG2134C 3-00**

The policy contains certain definitions as follows:

*"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

*"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

*"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged.*

*"Your work" means:*
**a.** *Work or operations performed by you or on your behalf, and*
**b.** *Materials, parts or equipment furnished in connection with such work or operations.*
     *"Your work" includes:*
**a.** *Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and*
**b.** *The providing of or failure to provide warnings or instructions.*

The provisions stated above apply to this claim and suit. The complaint alleges that on February 6, 2003 plaintiff Michael A. Olson was an employee of Dr. Watts Electric performing work at 161 Foggingtown Road, Brewster, New York when he was caused to slip and fall due to your negligence.

Indian Harbor Insurance Company requires that all occurrences, claims and suits be reported as soon as the insured or anyone else seeking coverage is aware of an "occurrence" or an offense which may result in a claim. There is no coverage for you or for anyone else claiming coverage for this claim and suit under your policy because you did not timely report the occurrence, claim and suit to us.

Your policy does not provide coverage for any of your obligations under a workers' compensation, disability benefits or unemployment compensation law or any similar law. To the extent there is a claim against you for obligations under a workers' compensation, disability benefits or unemployment compensation law, or any similar law, due to plaintiff's injuries on February 6, 2003, there is no coverage for you or for anyone else seeking coverage under this policy.

Your policy does not provide coverage for bodily injury arising out of your work that was completed at any location prior to the effective date of this policy, October 30, 2002.

There is no coverage for claims arising from a breach of your contractual liability.

Because of but not limited to the language of the exclusion and definitions noted above, and in light of the description of the loss, there is no coverage for this claim and suit under the policy. Indian Harbor Insurance Company will be unable to respond to the claim or to any litigation associated therewith, either to indemnify you, or to defend your interests in connection with any litigation.

This statement of Indian Harbor Insurance Company's position is without prejudice to you or to Indian Harbor Insurance Company. It is based on information provided to date. Indian Harbor Insurance Company reserves its right to supplement this statement of its position with additional grounds for reserving its rights or denying coverage under its referenced policy should any such grounds appear hereafter. This letter is not intended to be, and should not be construed as, a waiver of any terms and conditions of the policy, or of Indian Harbor Insurance Company's rights there under, all of which continue in full force and effect.

*Should you wish to take this matter up with New York State Insurance Department, you may file with the Department either on its website at www.ins.state.ny.us/complhow.htm or you may write to or visit the Consumer Services Bureau, New York Insurance Department, at: 25 Beaver Street, New York, NY 1004; One Commercial Plaza. Albany, NY 12257; 200 Old Country Road, Suite 340, Mineola, NY 11501; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.*

By copy of this letter, Indian Harbor Insurance Company notifies the plaintiff to this suit through his attorney, Richard S. Vecchio, Esq., Worby Groner Edelman LLP, 11 Martine Avenue, Penthouse, White Plains, New York 10606, that there is no coverage for him on this claim and suit.

If you have any questions or additional information you would like for us to consider, please do not hesitate to contact us at the phone number or address listed in this letter.

Sincerely,

James J. Cleary Jr., Esq.
Litigation Claims Examiner

Cc:    Indian Harbor Insurance Company

       Richard S. Vecchio, Esq.
       Worby Groner Edelman LLP
       11 Martine Avenue, Penthouse
       White Plains, New York 10606

Ex. G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------X

MICHAEL A. OLSON,

                              Plaintiff,           Ind. #1354/06

            - against -                     DECISION
                                                       ORDER

M & M DEVELOPERS, INC.,

                             Defendant.

-------------------------------------------------------------------X

JOHN CAREY, Judicial Hearing Officer

      Judgment on liability by default was granted on September 21, 2006, by Justice May H. Smith. An inquest on damages was held before the undersigned on May 7, 2007. Plaintiff testified, and exhibits were entered into evidence. Issues such as possible comparative negligence were discussed thereafter through correspondence with plaintiff's counsel Michael Taub, Esq. Based on all the foregoing, the following facts are found and conclusions reached.

      On February 6, 2003, plaintiff, an electrician then 43 years old, , crossed a ditch 4-5' deep, while carrying 60 pounds of materials in his hands, by walking on a foot-wide plank 12-15' long placed there by defendant, the general contractor.[1] There was ice on the plank on which he slipped, falling into the ditch, which stretched 400' from the street alongside a driveway. While this happened about 8:30 AM, he continued to work until 4, when he drove one hour to Poughkeepsie to visit a friend who took him to Vassar Brothers Medical Center in the evening after his employer, Dr. Watts Electric, advised visiting an emergency room.

      After x-rays were taken of his back, shoulder and neck, plaintiff was given muscle relaxant and a pain killer. The x-rays showed nothing broken.

---

[1] The owners of the property, also sued by plaintiff, were dismissed from the case.

but the emergency room advised him the next day to rest, take medicine and see an orthopedic surgeon. He was able to go back to work, but with discomfort. He visited Orthopedic Associates of Dutchess County, which authorized an MRI at Taconic Imaging, and he saw Dr. Hoon Park of Wappingers Falls, whose diagnosis was "severe 6 radiculopathy on the right" and who advised not working, explaining that the pain was coming from a herniated disc.

Paintiff stopped working after a week or two and has not worked since. His pain became progressively worse, constantly radiating down his arms. Dr. Perkins advised physical therapy, in order to avoid surgery. Plaintiff did this at Phelps Memorial Hospital Center in Sleepy Hollow. In June 2003, he had epidural steroid injections, which helped for a few hours with the pain, which then would return.

In November, plaintiff was operated on by Dr. John Galeno at Westchester County Medical Center. Material was removed and a bone graft inserted, held in place by plates. In 2007 he was told that discs above and below the plates might be failing, requiring further surgery.

While plaintiff received $204,012.91 through Worker's Compensation up to a certain date, he is now claiming his prior pay rate of $52,000 per annum for the four years up to March 1, 2007, or $208,000, plus nine weeks from March 1, for a total of $217,000. For future lost earnings, plaintiff claims an additional $665,600, based on a working life expectancy of 12.8 years. For past pain and suffering, he asks for $500,000, and for future pain and suffering, based on a 30-year life expectancy, an additional $500,000. He also testified to a diminution in his activities of daily living, but asked no particular amount of compensation for this. No mention was made of any disability benefits.

The total plaintiff claims, $1,882,600, far exceeds the $850,000 settlement[2] reached in a similar case, Pepa v. 1155 East 35 Realty LLC, N.Y.L.J. April 9, 2007, at 7. Pepa suffered "a herniation of his L5-S1 intervertebral disc" and "underwent anterior and posterior fusion of his spine's L4, L5 and S1 levels." The present plaintiff's problems concerned C5-6 and C6-7, while in Wimbish v. New York City Transit Authority, 305 A.D. 2d 586 (2d Dept. 2003), cited by plaintiff, the injured party "sustained herniated discs at levels C3-4, C4-5 and C5-6," evidently more extensive injuries than those of Pepa or the present plaintiff.

Therefore, while plaintiff here is entitled to his lost earnings, in the total amount of $882,600, his total claim for pain and suffering, $1,000,000, inevitably far more subjective and speculative, must be reduced in order for his total recovery to be in line with Pepa and with Wimbish, which approved $300,000 for past pain and suffering and $500,000 for future pain and suffering.

In Wimbish, the Second Department was merely saying that, "The damage awards were not excessive." That is not a holding that any lesser pain and suffering award would be reversed. Assessing damages for pain and suffering, especially those to come in the future, must be one of the greatest challenges a trier of the facts faces. In such situations, appellate courts can be expected to be especially loath to second guess a trier of the facts that has seen the witnesses and other evidence first-hand. The larger numbers that the jury arrived at in Wimbish may have been perfectly understandable for anyone present in the court room when that case was tried, but that is not binding on another trier of the facts in another case with different facts and witnesses.

---

[2] Bound to be more persuasive than a verdict, since by definition both sides agreed to it.

The trier of the facts in this case, that is the undersigned who has heard the testimony and examined the exhibits in evidence, determines that the proper measure of damages for the past pain and suffering of this plaintiff is not $500,000 but $250,000, and that the proper measure of damages for future pain and suffering is again $250,000, not $500,000.

Accordingly, plaintiff is entitled to an award of $882,600 for lost earnings and $500,000 for pain and suffering, for a total of $1,382,600, with interest on past lost earnings and on past pain and suffering from the "single reasonable intermediate date"[3] of July 1, 2005. Settle judgment on notice.

So ORDERED.

Dated: July 9, 2007
      White Plains, NY

                                         JOHN CAREY
                                    Judicial Hearing Officer

MICHAEL L. TAUB, ESQ.
WORBY GRONER EDELMAN LLP
Attorneys for Plaintiff
11 Martine Avenue, Penthouse
White Plains, NY 10606

---

[3] CPLR 5001(b).

Ex. H

At an IAS Part of the Supreme Court
of the State of New York, held in and
for the County of Westchester, at the
Courthouse located at 111 Dr. Martin
Luther King Jr Blvd., White Plains,
New York 10601, on the _4th_ day of
_February_____, 2008

PRESENT: HONORABLE MARY H. SMITH, J.S.C.

----------------------------------------------------------X

MICHAEL A. OLSON,

            Plaintiff,

      -against-

M & M DEVELOPERS, INC.,

            Defendant.

----------------------------------------------------------X

Index No.: 1354/06

**JUDGMENT**

      The above entitled action having duly come on for trial on damages before the Honorable

John Carey, JHO on the 7th day of May, 2007, and the plaintiff, MICHAEL A. OLSON, having

appeared by his attorney, WORBY GRONER EDELMAN, LLP, by MICHAEL LL. TAUB,

ESQ., and the defendant, M & m DEVELOPERS, INC., having been duly notified of the hearing

date but having not appeared,

      **AND**, prior to the damage decision, Judgment on liability by default having been granted

on September 21, 2006,

      **AND**, the issues having been duly tried, and the Court, after due deliberation, having

returned a Decision on the 9th day of July, 2007, in favor of the plaintiff and against the defendant

M & M DEVELOPERS, INC., and the Court having awarded damages as follows:

**Past Damages**

      Pain and suffering:                  $250,000.00

      Loss of earnings:                   $217,000.00 (subject to a workers'

Compensation lien of $204,034.91)

**Future Damages**

| | |
|---|---|
| Pain and suffering: | $250,000.00 over 30 years (reduced |
| | To 10 years per CPLR §5041(e) |
| Loss of earnings: | $665,600.00 over 12.8 years |

**Total Award**                    **$1,382,600.00**

**AND,** the Court, in a Decision Order dated July 9, 2007, having stated that interest should

run from the "single reasonable intermediate date" of July 1, 2005,

**AND,** the applicable interest rate to be 9% on the judgment and the discount rates used to

determine the present value of the future damages are to be 4.67% for the 10 year award and

4.77% for the 12.8 year award;

**NOW,** on motion of RONALD C. BURKE, ESQ. of KELNER and KELNER, attorneys

for MICHAEL A. OLSON, it is

**ORDERED, ADJUDGED AND DECREED,** that the plaintiff, MICHAEL A. OLSON,

residing at 73 Sarles Lane, Pleasantville, New York, shall recover from the defendant M & m

DEVELOPERS, INC., the lump sum of $475,626.68 (representing $309,787.53 for past damages

and $165,839.15 lump sum for future damages) subject to a workers' compensation lien of

$204,034.91, exclusive of attorneys' fees and attorneys' expense; and it is further

**ORDERED, ADJUDGED AND DECREED,** that plaintiff, MICHAEL A. OLSON,

shall recover of the defendant M & M DEVELOPERS, INC., the sum of $237,813.34

(representing $154,893.77 for past damages and $82,919.58 for the first $250,000 of future

damages paid in cash as and for attorneys fees) subject to said lien detailed above and $6,864.74

for litigation expenses; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the defendant M & M

DEVELOPERS, INC., be and hereby is directed to offer and purchase and warranty payment of

an annuity contract by an insurance carrier designated as qualified by the Superintendent, of the

following annual payments in equal monthly installments in advance:

    a)    For future pain and suffering - $12,055.80 per annum for the shorter of ten

        (10) years or the life of MICHAEL A. OLSON, increased annually at four

        percent (4%) compounded annually paid 1/12th monthly or $1,004.65; and

    b)    For future loss of earnings - $25,076.04 per annum for twelve years and

        ten months (12.8) years, increased annually at four percent (4%)

        compounded annually paid 1/12th monthly or $2,089.67; and it is further

**ORDERED, ADJUDGED AND DECREED**, that plaintiff, MICHAEL A. OLSON,

shall recover of defendant M & M DEVELOPERS, INC., the sum of $207,743.78 as and for

attorneys' fees on future damages in excess of $250,000.00; and it is further

**ORDERED, ADJUDGED AND DECREED**, that pre-judgment interest as well as post-

judgment interest shall be payable as follows:

    I)    On plaintiff MICHAEL A. OLSON's net award of $309,787.53 for past

        damages, pre-judgment interest from the date of July 1, 2005 at the rate of

        9% per annum which comes to a per diem amount of $76.39 for 767 days

        for a pre-judgment interest award of $58,591.13, and on the total sum of

        $368,378.66 thus payable, post-judgment interest at the rate of 9% per

        annum which comes to per diem amount of $90.83 commencing on the

        date of entry of judgment and the plaintiff shall have execution therefor,

    ii)    On the present value of MICHAEL A. OLSON's share of the remaining

award of future damages in the amount of $581,326.72, (inclusive of MICHAEL A. OLSON's share of the $250,000.00 lump sum); pre-judgment interest from the date of July 1, 2005 at the rate of 9% per annum which comes to a per diem amount of $143.34 for 767 days for a pre-judgment interest award of $109,942.78 and on the total sum of $691,268.50 thus payable, post judgment interest at the rate of 9% per annum which comes to a per diem amount of $170.45 commencing on the date of entry of judgment; and the plaintiff shall have execution therefor,

iii)     For the attorneys' fee on the net award for past damages of $154,893.77, pre-judgment interest from the date of July 1, 2005 at the rate of 9% per annum which comes to a per diem amount of $38.19 for 767 days for a pre-judgment interest award of $29,291.73, and on the total sum of $184,185.50 thus payable, post judgment interest at the rate of 9% per annum which comes to aper diem amount of $45.42 commencing on the date of entry of judgment; and the plaintiff shall have execution therefor;

iv)     On the present value of the attorneys' fee for the remaining award of future damages in the amount of $290,663.36, (inclusive of the attorneys' share of the $250,000.00 lump sum); pre-judgment interest from the date of July 1, 2005 at the rate of 9% per annum which comes to a per diem amount of $71.67 for 767 days for a pre-judgment interest award of $54,970.89 and on the total sum of $345,634.25 thus payable, post judgment interest at the rate of 9% per annum which comes to a per diem amount of $85.22 commencing on the date of entry of judgment; and the

plaintiff shall have execution therefor, and

v)    For the attorneys' expenses of $6,864.74, pre-judgment interest from the

date of July 1, 2005 at the rate of 9% per annum which comes to a per

diem amount of $1.69 for 767 days for a pre-judgment interest award of

$1,296.23, and on the total sum of $8,160.97 thus payable, post judgment

interest at the rate of 9% per annum which comes to a per diem amount of

$2.01 commencing on the date of entry of judgment; and the plaintiff shall

have execution therefor, and it is further

**ORDERED, ADJUDGED AND DECREED** that all periodic payments are due from the

liability date. Any past due future payments will be payable in cash, with the remaining future

payments to be paid periodically; and it is further

ORDERED, ADJUDGED AND DECREED, that judgment be entered on behalf of the

plaintiff MICHAEL A. OLSON against the defendant M & M DEVELOPERS, INC. in the

amount of $1,343,536.12, plus pre-judgment interest in the amount of $245,091.76, as set forth

above, through entry of judgment on _____, for a total judgment to be

entered in the amount of $1,597,627.88, and that plaintiff shall have execution therefor; and it is

further

ORDERED, ADJUDGED AND DECREED, that plaintiff's attorney shall be entitled to

*in the sum of $ _____ , as taxed by the Clerk.*

costs and disbursements ~~as per the Bill of Costs in the sum of $1,035.00~~.

ENTER:

_____
J.S.C.    HON. MARY H. SMITH
         SUPREME COURT JUSTICE